IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MICHAEL BRADLEY, #251 293 | * | |
| Plaintiff, | * | |
| v. | * | 2:07-CV-877-MEF |
| | | (WO) |
| J.C. GILES, *et al.*, | * | |
| Defendants. | * | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff Michael Bradley, while incarcerated at the Ventress Correctional Facility, filed this 42 U.S.C. § 1983 action on October 2, 2007 against Warden J.C. Giles and Dr. Peasant. Plaintiff's complaint alleges that Defendants failed to provide him with adequate medical care by failing to replace a broken rotator cup in his artificial hip after he slipped and fell in the shower. Bradley seeks only injunctive relief. He requests that the State be ordered to provide him with necessary medical care for the repair and/or replacement of the broken rotator cup. (*Doc. No. 1 at 3-4.*)

Plaintiff is no longer incarcerated at the Ventress Correctional Facility. Since filing this complaint, he has been released from confinement.[1] Based on his complaint and the specific relief sought, the undersigned concludes that this action is due to be dismissed as moot.

---

[1] Plaintiff was released from the custody of the Alabama Department of Corrections on December 1, 2007. (*See Doc. No. 8.*)

## I. DISCUSSION

Courts do not sit to render advisory opinions. *North Carolina v. Rice*, 404 U. S. 244, 246 (1971). An actual controversy must exist at all times when the case is pending. *Steffel v. Thompson*, 415 U. S. 452, 459 n.10 (1974). In a case such as this where the only relief requested is injunctive in nature, it is possible for events subsequent to the filing of the complaint to make the matter moot. *National Black Police Assoc. v. District of Columbia*, 108 F.3d 346, 350 (D.C. Cir. 1997) (change in statute); *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991) (transfer of prisoner); *Tawwab v. Metz* 554 F.2d 22, 23 (2nd Cir. 1977) (change in policy).

A claim becomes moot when the controversy between the parties is no longer alive because one party has no further concern in the outcome. *Weinstein v. Bradford*, 423 U.S. 147 (1975); *Flast v. Cohen,* 392 U.S. 83, 95 (1968) ("Where the question sought to be adjudicated has been mooted by developments subsequent to filing of the complaint, no justiciable controversy is presented."). Article III of the United States Constitution confers jurisdiction on the district courts to hear and determine "cases" or "controversies." Federal courts are not permitted to rule upon questions which are hypothetical in nature or which do not affect the rights of the parties in the case before the court. *Lewis v. Continental Bank Corp.*, 494 US. 472, 477 (1990).

In *Saladin v. Milledgeville*, 812 F.2d 687, 693 (11th Cir. 1987), the Eleventh Circuit Court of Appeals determined:

> A case is moot when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome of the litigation, such as where there is no reasonable expectation that the violation will occur again or where interim relief or events have eradicated the effects of the alleged violation.

(citations omitted); *see also Darring v. Kincheloe,* 783 F.2d 874, 876-77 (9th Cir. 1986) (after an inmate is transferred, there is neither a "reasonable expectation" nor a "demonstrated probability" that the inmate will return to the prison against which he sought injunctive relief and, therefore, claim for injunctive relief is moot). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate . . . [I]t is not enough that a dispute was very much alive when the suit was filed." *Id*.

Plaintiff is no longer an inmate in the custody of the Alabama Department of Corrections. He is, therefore, no longer subject to the conditions about which he complains. Because Plaintiff has been released from custody, there is no longer a case or controversy to litigate, and Plaintiff's claims are due to be dismissed as moot. *See County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979); *Murphy v. Hunt,* 455 U.S. 478, 481-82 (1982); *Cotterall v. Paul*, 755 F.2d 777, 780 (11th Cir. 1985) (past exposure to even illegal conduct does not in and of itself show a pending case or controversy regarding injunctive relief if unaccompanied by any continuing present injury or real and immediate threat of repeated injury).

## II. CONCLUSION

In light of the foregoing, it is the RECOMMENDATION of the Magistrate Judge that Plaintiff's complaint be DISMISSED with prejudice as moot.

The Clerk is DIRECTED to furnish a copy of this Recommendation of the Magistrate Judge to Defendants, to General Counsel for the Alabama Department of Corrections, and to the Attorney General for the State of Alabama.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **December 26, 2007**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the

decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 13th day of December, 2007.

                                                    /s/Charles S. Coody
                                       CHARLES S. COODY
                                       CHIEF UNITED STATES MAGISTRATE JUDGE